IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN RAY CALLAHAN,

    Petitioner,

vs.                                                  Civ. No. 98-230 JC/LCS

DAN A. DORSEY, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1.  This matter comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 by a Person in Federal Custody, filed February 25, 1998. In his petition, the Petitioner alleges violations of his due process rights under the Fifth Amendment. As grounds for his due process argument, the Petitioner asserts that United States Parole Commission (Commission) did not provide a timely review of his federal detainer nor did the Commission provide a timely parole revocation hearing.

2.  18 U.S.C. §4214(b)(1) states that the Commission shall review a detainer within 180 days of notification to the Commission of the placement of the parole warrant as a detainer. 18 U.S.C. §4214(c) states that an alleged parole violator who is retaken by a parole warrant shall receive a revocation hearing within 90 days of the retaking. Delay *per se* in providing a detainer review or holding a revocation hearing, however, is not grounds for granting habeas corpus relief. **See, e.g., Poyner v. United States Parole Comm'n**, 878 F.2d 275, 276 (9th Cir. 1989); **Harris**

**v. Day**, 649 F.2d 755, 761-62 (10th Cir. 1981).  Habeas corpus relief is justified only if the Petitioner has shown that the delay was prejudicial.  **Id**.  The Petitioner, in this case, has made no such showing of prejudice.  Consequently, I find that his petition has no merit.

## Recommended Disposition

I recommend denying the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 by a Person in Federal Custody and dismissing this cause with prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE